UNITED STATES DISTRICT COURT
For The EASTERN DISTRICT OF WISCONSIN

DeWayne D. Knight
    Plaintiff

v.

                      Case No.

Dr. J. Patterson, M.D.,
    defendant.

Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

I. Place of Present Confinement:
    Waupun Correctional Institution
    P.O. Box 351, Waupun, WI 53963

A. Is there a grievance procedure in your prison? Yes.

B. Have you filed a grievance concerning the facts relating to this complaint? Yes.

II. Parties:

A. Your name (plaintiff) DeWayne D. Knight
B. Institutional Identification Number: 476306
C. Social Security Number (last four digits only): 7416
E. Defendant (Name): Dr. J. Patterson, M.D., is employed as a medical doctor at Wisconsin Secure Program Facility - P.O. Box 1000, 1101 Morrison Drive, Boscobel, WI 53805

(Pg 1 of 4)

## III. Previous Lawsuits:

A. Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?
   NO.

B. Have you begun other lawsuits in the state or Federal Court relating to your imprisonment?

Yes.

C. If your answer is yes to either of the above questions provide the following requested information.

1. Parties to previous lawsuit.

Plaintiff: Dewayne D. Knight
Defendant(s): Joseph Beahm, Susan Starczynski, Ross Dehnel, Jesse Jones, Bridget Bayar

2. Date filed: 07/2013
3. Court where case filed: Eastern District of Wisconsin - Milwaukee
4. Case No. 13 CV 0641
5. Deliberate indifference, 6) closed, 7) 11-06-14, 8) Defendants

C. Previous Lawsuits:

1) DeWayne D. Knight (plaintiff)

Defendants: ~~Dr. Thomas~~ Joseph Beahm, Edward Ronzoni-Bulder, Matthew Burns, William Pollard, Toni Meli, Bridget Bayer, Cindy ~~O'Donne~~ O'Donnell, Charles Factor.

2) Date filed: 06/2013, 3) Eastern District of Wisconsin-Milwaukee 4) Case No. 13CV0862, 5) Deliberate Indifference, Excessive use of Force, Unnecessary Strip Search, 6) Closed, 7) Resolved for Defendants.

III Previous Lawsuits (cont).

1. DeWayne D. Knight (plaintiff)

Defendants: Dr. Thomas W. Grossman, Waupun Memorial Hospital, Agnesian Healthcare, ABC Insurance Company, XYZ Insurance Company, Wisconsin Patients Compensation Fund.

2) Date filed: 2/2017, 3) Dodge County Circuit Court, Dodge County, 4) Case No. 16CV233, 5) Medical Malpractice, Medical Negligence, 6) Closed, 7) Resolved for Defendants.

C. (Cont)

1. Plaintiff: DeWayne D. Knight

Defendant: Dr. Thomas W. Grossman

2. Date filed: 6/2016
3. Eastern District of Wisconsin - Milwaukee
4. Case No. 16-CV-11044
5. Deliberate Indifference and Due Process Violation
6. On Appeal

Statement of Claim
(See Attached.)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DeWayne D. Knight
        v.          Plaintiff,

                              Case No.

Dr. J. Patterson, M.D.,
          Defendant,      **VERIFIED COMPLAINT**

Complaint under The Civil Rights Act, 42. U.S.C. § 1983

Plaintiff, DeWayne D. Knight, files this complaint pro se against the Defendant, J. Patterson, M.D., for violation of his Civil rights pursuant to 42 U.S.C. § 1983, and alleges and shows to the Court as follows:

## Jurisdiction And Venue

1. This action arises under the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983, and the Eighth Amendment to the United States Constitution.

2. This Court has Jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and the above-referenced statutory and Constitutional provisions.

3. At all times material hereto, Defendant was acting under color of State law or rights secured to Plaintiff by the Eighth Amendment to the United States Constitution.

4. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391 because the events giving rise to the plaintiff's claims occurred in this District.

## Parties

5. Plaintiff DeWayne D. Knight ("Knight"), is currently an inmate of Waupun Correctional Institution, P.O. Box 351, Waupun, WI 53963.

6. Defendant, J. Patterson, M.D., ("Dr. Patterson"), is a medical doctor, duly licensed to practice medicine in the State of Wisconsin. Dr. Patterson is alleged to have been acting, at all times material hereto, in his individual capacity and under color of state law within the meaning of 42 U.S.C. § 1983.

## Factual Allegations

7. At all times material hereto, Knight was an inmate at the Wisconsin Secure Program Facility ("W.S.P.F."), P.O. Box 1000, Boscobel, WI 53805

8. The Wisconsin Department of Corrections has a constitutional duty to provide medical treatment to inmates at W.S.P.F. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009); West v. Atkins, 487 U.S. 42, 54-57 (1988); and Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 672-673 (7th Cir. 2012).

9. The Wisconsin Department of Corrections hired Dr. Patterson, thus entering into an agreement with Dr. Patterson to provide medical treatment to inmates at W.S.P.F., thereby delegating it's Constitutional duty to Dr. Patterson.

10. Knight injured his left knee while playing basketball at W.S.P.F on 9.8.18.

11. After seeing the W.S.P.F. Nursing staff, Knight was sent to Boscobel Area Healthcare Emergency Room for evaluation and treatment for his injury on 9.8.18.

12. After being seen by the staff in the Emergency room, Knight was provided with an immobilizer until pain improved (one week) and recommendation to recheck with nurse on Monday.

13. Knight began to experience significant pain in his left leg. He could not bend his leg.

14. On 9.17.18, Knight wrote an Health Service Request ("HSR") stating "I went to the hospital Sat 9.8.18 for an injury to my L knee & was placed on crutches & a knee immobilizer & yet NO ONE has contacted me to do a follow-up, address my injury or anything. Furthermore I wasn't even given any pain meds. Why is this?".

15. On 9.18.18, RN, A. Drone responded to Knights H.S.R. stating "you are scheduled PP with the Advanced Care Provider ("ACP") soon."

16. Two days later Knight put in a second HSR stating "I am experiencing extreme pain in my (L) knee. I went to the hospital on 9.8.18 & I have not been given any pain medications, nor have I seen any nurses, doctors etc, since I went to the hospital to address this knee injury. This pain is becoming more & more intense."

17. On 9.22.18, R.N. A. Drone responded to Knights H.S.R. stating "You are scheduled very soon with the ACP."

18. On 10.16.18, Knight wrote again a third H.S.R. stating "I am experiencing extreme pain in my (L) leg & I have NO pain meds."

19. On 10.17.18, R.N. M. Kremerling responded to Knights H.S.R stating "Your Naproxen was put on the med cart 10.16.18."

20. After not seeing a nurse or doctor, Knight filled out a fourth H.S.R. stating "I have been experiencing significant pain & stiffness in my (L) leg (knee area). I have been wearing a knee immobilizer since 9.8.18 & anytime I try to bend my (L) knee I am in great pain."

21. On 10.19.18, R.N Honly responded to Knights H.S.R. stating "You are on providers schedule".

22. Again after waiting 6 days and not seeing a nurse or doctor Knight submitted a fifth H.S.R. stating "I have been wearing this knee immobilizer for almost 2 months, the pain in my (L) knee is becoming worse & worse like before I saw the doctor. I haven't

been given any info on how to deal with this," dated 10·25·18.

23. On 10·26·18, RN. S. Anderson responded to Knight H.S.R. by checking the boxes "Scheduled to be seen in H.S.U." and the box "ACP."

24. On approx 9·25·18, Knight filed an inmate complaint addressing the continued delay in treatment of his left knee injury and pain.

25. On 10·5·18, the institution Complaint examiner affirmed Knight's complaint acknowledging the delay in treatment. (Exhibit A)

26. On 10·15·18, the Reviewing Authority, L. Alsum, also affirmed Knight's complaint stating reason(s) for decision as "Pt. has been rescheduled and will be followed up." (Exhibit B)

27. Knight went to the Boscobel Area Healthcare Emergency Room on 9·8·18 and was placed in an immobilizer which left his leg in a straight position throughout the entirety of this delay of treatment which caused him significant pain and distress.

28. Between the dates of 9·8·18 and approx 10·25·18 or shortly after Knight was not seen by a nurse or doctor of any sort at W.S.P.F.

29. Knight had to endure an Approximately 47 day delay in treatment [illegible] his daily

(Pg 5 of 8)

activities and left him in significant pain and distress.

30. Prior to Knight injurying his left knee on 9.8.18, Knight had been diagnosed with significant patellofemoral joint degenerative joint disease in his left knee.

31. By Knights left leg being locked in the immobilizer for 48 plus days in the straight position caused Knight significant pain and distress which aggravated and exacerbated Knights condition of Significant Patellofemoral Joint degenerative joint disease.

32. There was No reason for Knight to go 48 plus days without receiving medical treatment seeing that the Health care personnel at Boscobel Area healthcare Emergency room recommended that Knight be seen within a week and followed up with.

33. Dr. Patterson holds the responsibility of making sure that the patients on his case load are seen in a timely manner and given adequate medical care.

34. Dr. Patterson deliberately failed to see and treat Knights injury for 47 plus days despite Knight submitting five H.S.R.'s complaining of pain and distress.

35. Between 9.8.18 and 10.25.18, Dr. Patterson was actively inside the W.S.P.F. heath Service Unit multiple times in which he had mult in which

he failed to do so.

## First Cause of Action

Dr. Patterson's violation of Knight's Civil Rights under the Eighth Amendment
(Deliberate indifference to Knights medical needs by denying and delaying to treat Knights injury.)

36. Knight restates and realleges the allegations contained in paragraphs 1 through 35 of this complaint as if fully stated herein.

37. Defendant failed to treat Knight for his serious medical need for a period of approximately 47 days in which that delay caused Knight significant pain and distress which was clearly unnecessary and unwanton and aggravated and exacerbated his condition of Patellofemoral Joint Degenerative Joint Disease.

WHEREFORE, Knight demands judgment against the Defendant as follows:

1. On the First Cause of Action Knight seeks compensatory damages in the amount of $500.00 per day, totalling $23,500.00;
2. On the First Cause of Action Knight seeks punitive damages in the amount of $1,500.00 per day totalling $70,500.00;
3. For the reasonable legal fees incurred by Plaintiff by bringing this action;

4. For cost, disbursments and statutory attorney fees incurred by plaintiff in prosecuting the claims alleged in this action; and
5. for such other relief as this court deems just and proper;
6. Knight also Demands a Jury Trial.

Dated this 19th day of April, 2019

DeWayne D. Knight

DeWayne D. Knight (476360) Pro Se
Waupun Correctional Institution
P.O. Box 351
Boscobel, WI 53805

## VERIFICATION

I, DeWayne D. Knight, under the penalty of perjury, pursuant to 28 U.S.C. § 1746, do hereby attest that all of the above factual averments (1)-(37), are made based on my own personal knowledge, willfully, voluntarily, truthfully, and I will testify to the same in court.

Plaintiff reserves the right to Amend his complaint under Rule 15 (1)(B) Fed. R. Civ. Proc. and Rule 15 (a) Fed. R. Civ. Proc. in which additional information and defendants are to be added after discovery.